

399

Circuit Court of Appeals, Fifth Circuit.
March 14, 1936.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

23 C.C.P.A.(Patents)

### In re LANG.

### Patent Appeal No. 3607.

Court of Customs and Patent Appeals.
March 23, 1936.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill. (Arthur Boettcher and Henry H. Babcock, both of Chicago, Ill., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of patentability in view of the prior art, claims 7 and 8 of appellant's application for patent. No claims have been allowed.

Claim 8 is illustrative and reads as follows: "8. In combination in an injection engine, a cylinder and a piston operating therein, a combustion chamber overlying and opening directly downward into the cylinder, air inlet and burnt gas outlet passages opening into said chamber at opposite sides thereof, valves' control-

ling said passages, a fuel injection nozzle disposed to inject fuel into said combustion chamber transversely and upward and outward of the cylinder and between and substantially parallel to said valves, and an air storage chamber opening into the combustion chamber through an orifice disposed to eject air into said combustion chamber downward and inward of the cylinder in opposition to the injected fuel and between and substantially parallel to said valves."

The references cited are: Crossley et al. (Brit.), 23,998, October 23, 1913; Crossley et al. (Brit.), 104,089, of 1917; Lang (Brit.), 315,162, July 11, 1929; Lang, 1,-803,262, April 28, 1931; Lang, 1,818,339, August 11, 1931.

The alleged invention is concisely described in the statement of the Examiner as follows: "The invention relates to internal combustion engines of the fuel injection type provided with so-called air storage chambers. In this type of engine, an auxiliary chamber is provided in restricted communication with the combustion chamber of the engine into which a portion of the air charge is compressed on the compression stroke of the engine and this portion of the air charge is used on the working stroke to support the combustion. The rate of flow of the air from the auxiliary air storage chamber into the main combustion chamber on the working stroke of the engine piston determines the rate of combustion and it is, usually governed by the design of the restricted communication. The design of the restricted communication may be such as to give a predetermined direction to the flow of the air from the auxiliary air storage chamber to create a turbulence and promote better combustion. The alleged invention of the case at bar resides in the specific location of the auxiliary air storage chamber with respect to the fuel injection nozzle and the intake and exhaust valves. Applicant makes use of a conventional combustion chamber which is concentric with the cylinder axis, but of a smaller diameter than the cylinder bore and provided with intake and exhaust valves inclined with respect to the cylinder axis at an angle of about 45°, the axis of the intake and exhaust valves intersecting substantially at right angles. This structure is clearly illustrated in Figs. 1 and 2 of the drawings. The gist of the alleged invention resides in locating the fuel injection nozzle diametrically opposite the auxiliary

air storage chamber and 'between' the intake and exhaust valves, whereby the discharge of fuel and air will be in a direction between said valves. No reason or advantage is assigned for this specific structure other than 'that the mounting of the valves, in inclined position in one plane passing through the axis of the cylinder, and the location of the nozzle and air chamber in the plane at right angles thereto, makes a very simple and effective construction.'"

Although the Examiner's quotation from appellant's application is accurate, we think it proper to state that said application also contains the following: "The instant invention contemplates an improved combustion chamber and fuel nozzle, air chamber and valve relationship, to the end of obtaining effective mixing of the charge, and simplicity of construction."

The British patent to Crossley et al., No. 23,998, relates to internal combustion engines using oil as fuel, and discloses a conventional combustion chamber concentric with the cylinder axis, and of smaller diameter than the cylinder bore, with intake and exhaust valves inclined with respect to the cylinder at an angle of about 45°, the axes of said intake and exhaust valves intersecting at an angle of about 90°.

The other British patent to Crossley et al., No. 104,089, so far as is pertinent here, discloses substantially the same features as the Crossley et al. patent No. 23,998, above described.

The British patent to appellant, No. 315,162, relates to the injection and vaporization of fuel in oil engines, and shows a main combustion chamber, an auxiliary air storage chamber in restricted communication with the main combustion chamber, and a fuel injection nozzle diametrically opposite the auxiliary air storage chamber. No valves are shown in the drawings, nor are they mentioned in the written specification.

The other cited patents to appellant disclose various inclined arrangements of the air chamber and fuel injection means.

It was the view of both the Examiner and the Board of Appeals that it would be obvious to a mechanic skilled in the art to form the main combustion chamber of the Lang patents by using the general structure suggested by Crossley, or to provide the main combustion chamber shown in the Lang references with valves

placed in the relation shown by Crossley. In other words, it was their view that there would be no invention in combining the Crossley et al. and the Lang references to embrace the construction shown and claimed in appellant's application before us.

Appellant's counsel points out that to modify the structure disclosed in the Crossley et al. British patent, No. 23,998, by providing an air storage chamber as shown in appellant's British patent, No. 315,162, would require complete reconstruction of the Crossley et al. structure, and would require the removal therefrom of elements stated in said Crossley et al. patent to be essential for the intended operation as stated therein, and substitution for these elements of others not contemplated thereby. We are in accord with this view and are of the opinion that it would not be obvious to one skilled in the art so to reconstruct the Crossley et al. device.

We are, however, of the opinion that it would be obvious to one skilled in the art to provide the main combustion chamber in Lang's British patent, No. 315,162, with valves placed with reference to the combustion chamber and the fuel nozzle in the relation shown by Crossley et al., No. 23,998. It is true that such person skilled in the art might not have appreciated all the results secured by such relation, and that appellant was the first to do so. However, it will be remembered that appellant's British patent, No. 315,162, does not disclose the location of any valves at all, and presumably the patentee intended that they should be supplied in any conventional locations known in the prior art.

The Crossley et al. patent, No. 23,998, discloses a location of valves with respect to his combustion chamber and fuel nozzle in the same relation as that shown by appellant in the application before us. The particular location of Crossley's valves is included in his claims, and his patent states, with reference to the advantages of such a construction, as follows: "In our invention the various parts referred to above as being incorporated in the containing walls of the combustion chamber are so arranged and the oil injector is so placed in relation to them that it injects the oil spray in such direction or directions that a large portion of it will impinge directly on unwaterjacketted surfaces such as a vaporizer or igniter (if one is provided) on the end of the piston, *on the head of the exhaust valve and also if desired on the head of either or both the air admission valve and starter valve*. To do this the oil injector is arranged in such a position in relation to these unwaterjacketted surfaces as to spray the oil in one or more portions or jets directly to or towards them. *By using the heat of the exhaust valves, piston and other parts in this manner the size of any vaporizer used may be reduced compared with what would otherwise be required*." (Italics ours.)

It is proper to observe that neither of appellant's United States patents here cited discloses the location of air or exhaust valves, and presumably, as in his British patent, appellant intended that such valves should be supplied in any conventional location known in the prior art. It would seem that, when appellant's said patents expire, any user of the inventions thereby covered should be free to locate the valves as shown by Crossley et al., for it would not require the exercise of the inventive faculty so to do.

It may well be that appellant was the first to discover the new and useful result which he claims for such location of the valves, although we would observe that in his application there is no mention of such result.

In the case of In re Beplate et al., 77 F.(2d) 506, 508, 22 C.C.P.A.(Patents) 1232, we said: "Since all the claims are structural claims, we think they must be tested, in the light of the prior art, by the structure which they define, and not by the use which is to be made of the completed device, and we are unable to discern wherein there are in appellants' combination as described any modifications of the structural features of the cited art which may properly be held to involve invention as distinguished from mechanical skill."

We are in accord with the view of the Board of Appeals that, so far as the location of the valves is concerned, invention may not be predicated upon that feature, in view of the references.

Appellant makes a further contention that, irrespective of the question hereinbefore discussed, claim 8 should be allowed because of the elements embraced therein reciting that the fuel injection nozzle is so disposed as to inject fuel into the combustion chamber transversely and upward and outward of the cylinder, and the orifice of the air storage chamber is so

disposed as to inject air into the combustion chamber downward and inward of the cylinder. With respect to those elements, the Board of Appeals stated: "Claim 8 also includes the inclined arrangement of the air chamber and fuel injection means but since appellant's patent 1,803,262, discloses various inclined arrangements, we do not believe that this additional feature, although not specifically shown, affords any patentable distinction."

We are in accord with the view thus expressed by the Board of Appeals and hold that the elements above referred to do not lend patentability to claim 8.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.